UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No: 8:23-cv-1015-KKM-JSS

CHRISTEL JOSEPH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff United States of America moves for entry of final default judgment against Defendant Christel Joseph pursuant to Federal Rule of Civil Procedure 55. (Motion, Dkt. 20.)  For the reasons that follow, the court recommends that the Motion be granted.

## BACKGROUND

The Government brings this action for permanent injunction against Defendant pursuant to 26 U.S.C. §§ 7402, 7407, and 7408 of the Internal Revenue Code (I.R.C.). (Dkt. 1.)  The Government alleges Defendant prepared federal tax returns for compensation beginning in 2015 and was a co-owner of People's Tax Services located in Haines City, Florida. (*Id.* ¶ 5–6.)  According to the Complaint, Defendant was responsible for overseeing all employees at the Haines City location.  (*Id.* ¶ 7). Defendant allegedly had no formal education or accreditations in taxation or accounting and used the Preparer Tax Identification Numbers (PTIN) of other

individuals affiliated with People's Tax Services to conduct business. (*Id.* ¶ 8–9.) The Government alleges Defendant fraudulently claimed education tax credits, fuel tax credits, dependent care credits, charitable donations, gambling losses, moving expenses, business expenses, Schedule C expenses, medical and dental expenses, and earned income tax credits while preparing tax returns. (*Id.* ¶ 18–60.)

In a criminal case brought against her in the United States District Court for the Middle District of Florida, Defendant pled guilty on January 17, 2022, to Aiding or Assisting in the Preparation of False Tax Returns in violation of I.R.C. § 7206(2). *See* (*id.* ¶ 15); (Dkt. 20); *United States v. Joseph*, No. 8:22-cr-31-KKM-TGW, ECF No. 5 (M.D. Fla. July 25, 2022). In the Complaint, the Government seeks: (1) an injunction under I.R.C. § 7407 for conduct subject to penalty under I.R.C. §§ 6694 and 6695 (Count I); an injunction under I.R.C. § 7408 for conduct subject to penalty under I.R.C. § 6701 (Count II); and (3) an injunction under I.R.C. § 7402 for unlawful interference with enforcement of the Internal Revenue Code (Count III). (Dkt. 1.) Conduct subject to penalty under I.R.C. § 6694 includes willful preparation of tax claims or refunds understating taxpayer liability, while I.R.C. § 6695 punishes tax preparers who fail to properly identify themselves. The penalties for aiding and abetting understatement of tax liability are defined under I.R.C. § 6701. The Government served the Summons and Complaint on Defendant on July 10, 2023, and filed an executed return of service on July 14, 2023. (Dkt 14.) Defendant has not answered or otherwise responded to the Complaint. Upon Plaintiff's application, the

Clerk of Court entered default against Defendant on September 18, 2023. (Dkt. 19.) The Government now moves for entry of final default judgment against Defendant and seeks injunctive relief. (Dkt. 20.) Defendant has not appeared to oppose the Motion.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request supported by an affidavit showing the amount due, must enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

"[B]efore entering a default for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. May 15, 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)).

## ANALYSIS

### A. Subject Matter Jurisdiction

To enter final default judgment, the court must have subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018) ("If there is a deficiency in subject matter jurisdiction, district courts are constitutionally obligated to dismiss the action.") (citing *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013))). "[A]ny judgment rendered when the court lacked jurisdiction is void and without legal effect." *Ferrier v. Cascade Falls Condo. Ass'n, Inc.*, 820 F. App'x 911, 914 (11th Cir. 2020) (citing *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)).

Here, the Government brings this action pursuant to 28 U.S.C. §§ 1340 and 1345 and I.R.C. § 7402(a) which confers jurisdiction on federal district courts to issue injunctive relief in civil actions involving enforcement of the Internal Revenue Code brought by the Government. Thus, the court has subject matter jurisdiction over this action.

### B. Service of Process

A plaintiff bears the burden to establish proper service of the complaint on the defaulting party to obtain a default judgment. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-Orl-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). A district court may not enter default judgment against a defendant who was not properly served. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (holding that default judgment entered against defendant who was not properly served is void); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Federal Rule of Civil Procedure 4(e) provides that an individual may be served by "delivering a copy of the summons and the complaint to the individual personally."

Fed. R. Civ. P. 4(e)(2)(A). Here, the Government filed an affidavit of service indicating personal service was made on Defendant by delivering a copy of the Summons and Complaint to Defendant where she was incarcerated at 501 Capital Cir. NE., Tallahassee, FL 32301, on July 10, 2023. (Dkt. 14.) The Government also filed an affidavit establishing that Defendant is not in the military service of the United States. (Dkt. 16.) *See Benson v. DeSantis*, No. 8:22-cv-1955-WFJ-MRM, 2022 WL 18927026 (M.D. Fla. Dec. 12, 2022) (explaining, to obtain default judgment, a plaintiff must file an affidavit pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit"). The court therefore finds the Government has properly effected service upon Defendant.

**C. Liability**

Default judgment is proper only if the well-pleaded factual allegations in the complaint establish that plaintiff is entitled to the relief sought. *Tyco Fire & Sec. LLC*, 218 F. App'x at 863. In the Complaint, the Government seeks a permanent injunction against Defendant under each count and alleges that Defendant's ongoing tax preparation misconduct entitles the Government to injunctive relief under I.R.C. § 7407. "Internal Revenue Code § 7407 reflects a congressional intent to prevent abuses by tax preparers in the reporting of client income tax liabilities" and provides injunctive relief as a remedy for such abuses. *United States v. Stinson*, 729 Fed. App'x. 891, 895 (11th Cir. 2018) (holding circumstantial evidence presented at trial showing

the defendant's actions resulted in errors beyond mere inaccuracies in tax returns provided a sufficient basis for the court to order injunctive relief in favor of the plaintiff); *see United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984) ("The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws."). In determining whether injunctive relief is "appropriate and necessary" to prevent future harm to the Internal Revenue Code under I.R.C. § 7407, courts have considered factors such as: (1) the gravity of the harm; (2) the extent of the defendant's participation; (3) the defendant's degree of scienter; (4) the frequency of the misconduct; (5) the defendant's acknowledgement of culpability; and (6) the likelihood of future violations. *Stinson*, 729 Fed. App'x. at 896; *see United States v. Stover*, 650 F.3d 1099, 1112 (8th Cir. 2011); *United States v. Gleason*, 432 F.3d 678, 683 (6th Cir. 2005); *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1105 (9th Cir. 2000).

In *United States v. Simon,* 824 Fed. App'x. 986 (11th Cir. 2020), the Eleventh Circuit specifically explained:

> If the court finds that the defendant has continually or repeatedly engaged in unlawful conduct and that a narrow injunction against that conduct will not be enough to stop the defendant from further interfering with the proper administration of the Internal Revenue Code, then the court may enjoin the defendant from preparing all federal income tax returns.

*Simon*, 824 Fed. App'x. at 989. Thus, the Eleventh Circuit has considered the "inadequate remedies at law," the "balance of hardships" faced by taxpayers, and the "public interest" as sufficient reasons to impose a permanent injunction when a

defendant's actions are "repeated, continuous, and willful, occurring over multiple years . . . ." *Stinson*, 729 Fed. App'x. at 896–898.; *United States v. Stimphil*, No. 8:21-cv-0475-KKM-AAS, 2021 WL 8201551, at *3 (M.D. Fla. Aug. 13, 2021) (explaining a "narrower injunction" prohibiting only specific conduct is unlikely to deter or prevent fraudulent tax return activities even after a person's release from incarceration, placing undue strain on the IRS). Accepting the well-pleaded allegations of fact as true, Defendant's prior tax preparation misconduct is subject to penalty under I.R.C. §§ 6694, 6695, and 6701, which makes injunctive relief appropriate to prevent further harm against the IRS under the above referenced statutes. Granting the narrow permanent injunction requested by the Government is an appropriate remedy to avoid future harm in light of Defendant's continued and repeated misconduct when preparing tax returns.

1. **Injunction under I.R.C. § 7407 for conduct subject to penalty under I.R.C. §§ 6694 and 6695 (Count I)**

In Count I, the Government seeks a permanent injunction pursuant to I.R.C. § 7407. (Dkt. 1 ¶¶ 68–80.) The court has authority under I.R.C. § 7407 to enjoin a tax return preparer from future tax preparation for conduct punishable under I.R.C. § 6694, such as when a tax preparer has knowingly prepared returns that contain an understatement of the taxpayer's liability. Similarly, I.R.C. § 6695 authorizes a court to grant an injunction against a tax preparer who has failed to identify themselves as the tax return preparer and who has claimed tax credits under the Earned Income Tax Credit (EITC) without exercising due diligence. Injunctive relief may be granted if the

plaintiff proves a tax preparer (1) engaged in conduct subject to penalty under I.R.C. §§ 6694 or 6695, (2) misrepresented her experience, eligibility, or education as a tax return preparer, (3) guaranteed the payment of any tax refund or the allowance of any tax credit, or (4) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue Code, and the court finds injunctive relief is appropriate to prevent future violations against the Internal Revenue Service.  I.R.C. § 7407.  A tax return preparer is any individual who prepares tax returns for compensation, or who employs one or more persons to prepare for compensation, or the preparation of a substantial portion of a return. I.R.C. § 7701(a)(36).

Here, the Government alleges sufficient facts in the Complaint to support its claim for a permanent injunction under Count I.  Defendant prepared the federal tax returns of others for compensation. (Dkt. 1 ¶ 5.) Defendant also operated the People's Tax Service in Haines City, Florida, and was responsible for overseeing all employees at the location. (*Id.* ¶ 7.)  As a result, Defendant is a tax preparer under I.R.C. § 7701(a)(36).  The Government alleges Defendant prepared federal income tax returns she knew claimed unsupported false credits and deductions which understated or overstated tax refunds unsupported by fact or reasonable belief to obtain fraudulent benefits subject to penalty under I.R.C. § 6694(a).  (Dkt. 1 ¶ 73.)

Additionally, the Government alleges that Defendant failed to exercise due diligence by preparing federal income tax returns that included false Schedule C claims

and false claims for the EITC subject to penalty under I.R.C. § 6695(g). *Id.* ¶ 75.) Defendant also engaged in conduct punishable by I.R.C. § 6695(b) by failing to identify herself as the preparer of the tax returns she prepared. (*Id.* ¶ 74.) The Government alleges the continual, repeated, and blatant nature of Defendant's conduct predating this claim demonstrates she is likely to continue filing false and fraudulent tax returns for others if not enjoined from future tax preparation by the court. (*Id.* ¶ 76.) As discussed above, a narrower injunction limiting specific conduct is unlikely to deter Defendant from engaging in future misconduct harmful to the Internal Revenue Service (IRS). Accordingly, accepting the well-pleaded factual allegations of the Government's Complaint as true, the court finds that the Government has established Defendant's liability as to Count I and is entitled to the requested injunction.

## 2. Injunction under I.R.C. § 7408 for conduct subject to penalty under I.R.C. § 6701 (Count II)

The Government asserts Count II of the Complaint under I.R.C. § 7408 prohibiting conduct subject to penalty under I.R.C. § 6701. (Dkt. 1 ¶¶ 81–82.) Pursuant to I.R.C. § 6701, a court may enjoin tax preparers who knowingly aid or assist the preparation of tax returns or other documents used to support the returns and result in understatement of tax liability from future tax preparation. Here, the Government alleges Defendant knowingly prepared tax returns resulting in improper understatements of tax liability and added false information to tax returns resulting in the understatement of tax liabilities and erroneous tax refunds. (*Id.* ¶¶ 83–84.) As noted above, the Government alleges that Defendant's continual and repeated pattern

of conduct is likely to result in the continued filing of false and fraudulent tax returns of others requiring a permanent injunction. (*Id.* ¶¶ 85–86). Accordingly, the court finds that that the allegations in the Government's Complaint, which are deemed admitted in light of Defendant's default, are sufficient to establish Defendant's liability as to Count II and that the Government is entitled to the requested injunction.

   3. **Injunction under I.R.C. § 7402, seeking the court's authority to generally prohibit unlawful interference with the enforcement of Internal Revenue Code (Count III)**

The Government asserts Count III of the Complaint under I.R.C. § 7402, seeking the court's authority to generally prohibit unlawful interference with the enforcement of internal revenue laws by granting an injunction against Defendant. (Dkt. 1 ¶¶ 87–100.) As noted above, I.R.C. § 7402 conveys jurisdiction generally in civil actions involving internal revenue. I.R.C. §§ 7407 and 7408 authorize the court to grant injunctive relief when an injunction is appropriate to prevent the action from occurring. Here, the Government alleges beginning in 2015, Defendant prepared and filed tax returns that intentionally claim false education credits, Schedule C credits, and EITC credits in addition to other credits and deductions to reduce tax liabilities or inflate tax return refunds. (*Id.* ¶ 88.) The Government alleges absent an injunction, Defendant is likely to commit similar acts in future based on the repeated and continuous nature of her misconduct. (*Id.* ¶ 88.) Accordingly, the court finds that that the allegations in the Government's Complaint are sufficient to establish Defendant's liability as to Count III and that the Government is entitled to the requested injunction.

## CONCLUSION

It is **RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment (Dkt. 20) be **GRANTED**.

2. The court enter a permanent injunction against Defendant from:

    (a) owning or operating a tax return preparation business;

    (b) preparing, filing, or assisting in the preparation or filing of federal tax returns, amended returns, and other related documents and forms for any entity or person other than themselves;

    (c) preparing, filing, or assisting in the preparation or filing of federal tax returns, amended returns, and other related documents and forms that they know will result in the understatement of any tax liability or the overstatement of federal tax refunds;

    (d) maintaining any association with, or profiting from, a tax return preparation business;

    (e) instructing, teaching, or otherwise training any person in the preparation of federal tax returns, amended returns, and other related documents and forms;

    (f) engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701; and

(g) engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**IT IS SO REPORTED** in Tampa, Florida, on November 8, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days after being served with a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  *See* 28 U.S.C. § 636(b)(1).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record
Unrepresented Party at 501 Capital Cir. NE., Tallahassee, FL 32301